UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HEATHER D. CURRY, Personal
Representative of the Estate of
JOHN SPAZIANI,

       Plaintiff,

v.                                                                                                                                           4:04cv474-WS

BOH BROS. CONSTRUCTION CO.,
L.L.C.,

       Defendant.

_____

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On November 23, 2004, the plaintiff, John Spaziani ("Spaziani"), filed this action for damages and compensation under the Longshore and Harbor Workers Compensation Act ("LHWCA"), 33 U.S.C. § 901-950.  Spaziani has since died from conditions unrelated to this lawsuit.  On the unopposed motion of Spaziani's attorney, the court substituted Heather D. Curry ("Curry"), as personal representative of Spaziani's estate, as the plaintiff in the case.

Before the court at this time is the defendant's motion for summary judgment.  Doc. 17.  Curry has responded (doc. 20) in opposition to the motion, and the parties have been advised (doc. 21) that the motion would be taken under advisement as of a date certain.

I.

Briefly, the undisputed facts are as follows:

On November 29, 2001, Spaziani was injured while in the employment of the defendant, Boh Brothers Construction Company, LLC ("Boh Brothers").  At the time of his injury, Spaziani was working as a supervisor on a bridge construction project on the Apalachicola Bay, Florida.  Spaziani slipped and fell as he was walking on the riprap that lined the shore between the bridge and a spud barge that Boh used as a platform for crane operations during the bridge-building process.[1]

Spaziani described the circumstances of his fall as follows:

> I was in the process of removing a form from the bridge, hooked it to the crane to fly it to the barge.  I walked down the beam, climbed down the ladder, walked over the rocks to get to the barge.  In the process, rock shifted, broke my knee.

Spaziani Dep. at 36.

When he fell, Spaziani was about to step on a "crane mat"--a huge mat made of timber--that was being used as a ramp, or gangway, for boarding the spud barge.  At the shoreline, the crane mat rested on the riprap.  In Spaziani's words:

> I was right at [the crane mat] because the next step I would have been on . . . the mat because my hands was [sic] on the mat.  When I went off the rock, my leg, the one leg went down far enough that it got wet.  The foot and my hands was [sic] on the mat.

Spaziani Dep. at 39.

---

[1]  "Riprap" is defined as "a foundation or sustaining wall of stones or chunks of concrete thrown together without order."  *Merriam-Webster Online Dictionary,* at http://www.m-w.com/dictionary/riprap.

Spaziani's injuries consisted of a fractured right knee, torn cartilage in the right knee, aggravation of a pre-existing arthritic condition in the left knee, and an injury to his lower back.  For these injuries, Spaziani sought and received compensation benefits under the LHWCA.

On November 23, 2004, Spaziani filed suit in this court, seeking damages under LHWCA section 905(b) for the alleged negligence of Boh Brothers in its capacity as owner of the spud barge.

II.

The LHWCA establishes a comprehensive federal workers' compensation program that provides covered employees and their families with medical, disability, and survivor benefits for work-related injuries and death.  <u>Howlett v. Birkdale Shipping Co.</u>, 512 U.S. 92, 96, 114 S. Ct. 2057, 129 L. Ed. 2d 78 (1994).  Section 904 of the LHWCA provides in relevant part: "(a) Every employer shall be liable for and shall secure the payment to his employees of the compensation payable under sections 907, 908, and 909 of this title. . . . (b) Compensation shall be payable irrespective of fault as a cause for the injury."  33 U.S.C. § 904.  It is undisputed that Spaziani was a worker covered by the LHWCA and that Boh Brothers was his employer.

The liability of employers under the LHWCA is considered to be "exclusive and in place of all other liability of such employer to the employee."  33 U.S.C. § 905(a).  Employees covered by the LHWCA are thus statutorily barred from suing their employers for injuries incurred in the course of their employment.

While the LHWCA's compensation scheme is the employee's exclusive remedy

*vis-a-vis* his employer, section 905(b) provides that a covered employee may also sue the vessel owner as a third party if his injury was caused by the negligence of a vessel. A separate negligence action is authorized against the vessel even when the employer is also the owner of the vessel. Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 530, 103 S. Ct. 2541, 76 L. Ed. 2d 768 (1983). Where, as here, the employer and the vessel owner are alleged to be one and the same entities, the arrangement is commonly referred to as a "dual capacity" case. In such a case, the dual capacity employer/vessel owner is immune from liability for any acts of negligence committed in its capacity as employer but may be held liable for any negligence committed in its capacity as vessel owner.[2]

III.

Boh Brothers contends that an action under section 905(b) does not lie in this case because the evidence establishes that Spaziani was injured when he slipped on the riprap lining the shore. In essence, Boh Brothers maintains that without a vessel-based injury, there is no maritime jurisdiction under the LHWCA. Curry, on the other

---

[2] When amending section 905(b) in 1972, Congress explained:

> The Committee intends that on the one hand an employee injured on board a vessel shall be in no less favorable position vis a vis his rights against the vessel as a third party than is an employee who is injured on land, and on the other hand, that the vessel shall not be liable as a third party unless it is proven to have acted or have failed to act in a negligent manner such as would render a land-based third party in non-maritime pursuits liable under similar circumstances.

H.R. Rep. No. 92-1441, 1972 U.S.C.C.A.N. at 4704.

Case No. 4:04cv474-WS

hand, argues that Spaziani's injury was attributable to Boh Brothers' failure to provide proper ingress and egress between the shoreline and the spud barge. She contends that the barge was negligently moored and/or ramped, forcing Spaziani to step on sloping, loose riprap rocks as he moved from the shoreline onto the barge. Citing well-established law that "[f]ederal admiralty jurisdiction extends to the means of ingress and egress, including but not limited to the gangway of a vessel in navigable waters," <u>Sherri D. White v. United States</u>, 53 F.3d 43, 47 (4th Cir. 1995), Curry maintains that the record evidence creates a genuine issue of material fact regarding the alleged negligence of Boh Brothers in the operation of the spud barge, including the means chosen for ingress and egress. The court agrees that, when viewed in the light most favorable to Curry, the evidence is sufficient to withstand Boh Brothers' motion for summary judgment.

Accordingly, it is ORDERED:

1. The defendant's motion for summary judgment (doc. 17) is DENIED.

2. After conferring with the defendant, the plaintiff shall advise the court--on or before March 17--whether additional time for discovery is needed before the case is set for trial.

DONE AND ORDERED this March 2, 2006.

/s William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE

Case No. 4:04cv474-WS